PATRICK FARLEY et al., Plaintiffs and Respondents, v. P. C. PARKER and J. F. SUTHERLAND, Defendants and Appellants.

Burden of Proof.—In an action to recover real estate, where plaintiffs allege title in themselves, and this allegation is denied in the answer of the defendant, the *onus probandi* is upon the plaintiffs to show title in themselves.

Appeal from Douglas County.

The facts are stated in the opinion of the Court.

*W. W. Thayer*, for Respondents.

*W. R. Willis and A. C. Gibbs*, for Appellants.

By the Court, PRIM, J.:

This was an action at law in the Circuit Court of Douglas County to recover the possession of a certain piece of real estate.

The plaintiffs alleged in their complaint that they were the heirs of Michael Farley, deceased, and as such were the owners in fee of the one undivided sixth of the premises described in their complaint, and that the defendants wrongfully detained the same from their possession.

One of the defendants (C. P. Parker) filed a separate answer, in which he denied that the plaintiffs were the owners in fee of the premises described, or that they were entitled to the possession thereof. Defendant, for further answer, alleged the title and the right of possession to the premises in dispute to be in himself, which was put in issue by the replication of the plaintiffs. The other defendant filed a disclaimer, and the action was dismissed as to him.

At the trial the plaintiffs offered in evidence a patent certificate to the premises in dispute, issued to Michael Farley by the Register and Receiver at Roseburg, Oregon.

One of the plaintiffs (Thomas Farley) was sworn as a witness on behalf of the plaintiffs, who testified that the plaintiffs were the brothers and sisters of Michael Farley, who died without leaving either wife, children or father.

Plaintiffs having rested, the defendant produced in evidence a deed from Michael Farley to E. Colvin, also one from E. Colvin to Thomas S. Colvin, both of which were duly executed and recorded. Other deeds were then offered by defendant to complete his chain of title; but two of them were defective,—one of them failing to include the land in dispute, and the other having but one witness.

The defendant having rested, plaintiffs offered some evidence in rebuttal, tending to show the insanity of Michael Farley at the time of executing the deed to E. Colvin.

The Court instructed the jury that, "under the pleadings, the defendant must show title in himself, and, having failed to do so, they must find a verdict for plaintiffs." This instruction, we think, was erroneous, and calculated to mislead the jury.

The plaintiffs having alleged title in themselves, and this allegation having been denied in the answer of defendant, the *onus probandi* rested on the plaintiffs instead of the defendant; therefore, under the pleadings, it was incumbent upon the plaintiffs to prove title in themselves before they could recover in the action. It further appears from the bill of exceptions, that the Court prepared the verdict for the jury, and then called upon one of them to sign it as foreman, who did so. The Court then said to them: "Gentlemen of the Jury, I instruct'you that this is your verdict."

It was undoubtedly proper that the Court should instruct the jury, that if they found for the plaintiffs, what should be the form and substance of the verdict; but we think the instruction given was entirely too strong.

We deem it unnecessary to look into the other questions raised in the record, upon the admission of certain evidence tending to show the insanity of Michael Farley, as we think the case should be reversed and a new trial granted on account of the instructions already alluded to.

It is, therefore, ordered that this cause be reversed, and remitted to the Court below for a new trial.